**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re:<br><br>**GARY MICHAEL BIRD,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,**<br><br>Movant,<br><br>v.<br><br>**SARA A. MOONEY,**<br><br>Defendant. | **Adv. Pro: 23-6016-RBC** |

**CHAPTER 7 TRUSTEE'S MOTION (I) TO COMPEL SARA A. MOONEY
TO COMPLY WITH THIS COURT'S ORDERS AND COOPERATE
WITH THE CHAPTER 7 TRUSTEE AND (II) FOR SANCTIONS**

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9515
Facsimile:     804.644.0957
E-mail:     rwestermann@hirschlerlaw.com
          bfalabella@hirschlerlaw.com

*Counsel for Hannah Hutman, Chapter 7
Trustee of the Bankruptcy Estate of Gary
Michael Bird*

Hannah W. Hutman (the "**Trustee**"), the Chapter 7 Trustee of the Bankruptcy Estate (the

"**Estate**") of Gary Michael Bird (the "**Debtor**"), by counsel, respectfully moves this Court (the

"**Motion**") pursuant to section 105 of Title 11 of the United States Code (the "**Bankruptcy Code**")

to issue an order compelling Ms. Sara A. Mooney (the "**Defendant**") to cooperate with the Chapter

7 Trustee and her counsel and to comply with this Court's Orders.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion and the relief requested herein

pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The relief sought in this Motion is based on section 105(a) of the Bankruptcy Code.

## BACKGROUND

3.      On May 31, 2023, the Trustee initiated this adversary proceeding (the "**Adversary**

**Proceeding**") by filing a Complaint [Docket No. 1] against the Defendant (the "**Complaint**").

4.      In the Complaint, the Trustee requested that the Bankruptcy Court enter an Order

and Judgment as follows:

A.      Authorizing the Trustee to sell the estate's interest in the Property[1] free and

clear of the interest of Defendant, subject only to the Court's entry of an

order authorizing the Trustee to sell the estate's interest in the Property;

B.      Authorizing the Trustee to sell the Defendant's interest in the Property

together with the sale of the estate's interest in the Property;

C.      Granting injunctive relief directing Defendant and all other occupants, if

any, to (i) immediately provide complete and unfettered access to the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the
Complaint.

Property sufficient to permit the Trustee, her agents, and any potential buyers to inspect the Property; (ii) notify the Trustee should she vacate the Property prior to the closing of a sale of the Property; (iii) to protect and preserve the Property during her occupancy of the Property; and, (iv) surrender the Property at the closing of a sale of the Property; and,

D.      granting any such other relief the Court deems just.

5.      In conjunction with filing the Complaint, the Trustee, through counsel, also filed (A) the *Chapter 7 Trustee's Motion for (I) Authority to Sell Property of the Estate at Public Auction, Free and Clear of All Liens, Claims, Rights, and Interests Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Authority Related to Closing of the Sale Pursuant to 11 U.S.C. § 105(A) and Bankruptcy Rule 6004 and Distribution of Sale Proceeds; and (III) Related Relief* [Docket No. 26 in 22-60957] (the "**Sale Motion**") and (B) the Trustee's Application to Employ Auctioneer [Docket No. 24 in 22-60957] (the "**Torrence Application**").

6.      No responsive pleadings were filed to the Complaint, the Sale Motion, or the Torrence Application and on July 5, 2023, the Trustee filed her *Motion for Entry of Default and Default Judgment* (the "**Default Motion**") against the Defendant in the Adversary Proceeding.

7.      The Court entered the *Order Granting the Entry of Default and Default Judgment* (the "**Default Order**") [Docket No. 10] on July 17, 2023, granting the Default Motion.  The Default Order authorizes the Trustee to sell the Estate's interest in the Property free and clear of the interest of the Defendant; authorizes the Trustee to sell the Defendant's interest in the Property together with the sale of the Estate's interest in the Property; and directs the Defendant to immediately permit the Trustee, her agents, and prospective buyers access to inspect the Property.

3

8.      In addition, Orders granting (A) the Sale Motion (the "**Sale Order**" [Docket No. 35 in 22-60957]) and (B) the Torrence Application (the "**Torrence Order**" [Docket No. 31 in 22-60957] and together with the Sale Order and the Default Order, the "**Orders**"), authorize the Trustee to sell the Property at auction to the highest bidder free and clear of liens.

9.      Pursuant to the terms of the Orders, the Defendant is required to permit the Trustee and her agents, including an auctioneer, access to the Property in order to evaluate the property for the approved sale.

10.     The Defendant has failed to allow the Trustee and/or her agents to visit the site to inspect the Property in direct violation of the Orders.  As set forth in the Declaration of Brittany Falabella, attached hereto as **Exhibit A** (the "**Falabella Declaration**"), the repeated requests by the Trustee's counsel, include, but are not limited to, the following:

(i)      Counsel for the Trustee sent the Defendant a letter via first-class mail on July 19, 2023 attached to the Falabella Declaration as **Exhibit A-1**, enclosing the entered Orders and requesting the Defendant contact counsel to set up a time to inspect the Property.  No response was received.

(ii)     Counsel for the Trustee then sent another letter attached to the Falabella Declaration as **Exhibit A-2** on August 15, 2023 via certified mail and first-class mail to ensure receipt by the Defendant.  Once again, counsel for the Trustee informed the Defendant that she must cooperate with the Trustee and allow access and inspection of the Property, or the Trustee would be forced to seek further action with the Court.  No response was received.

(iii)    On and about September 25, 2023, counsel for the Trustee attempted to email the Defendant using several different possible email addresses. Counsel for the Trustee also called the Defendant using phone numbers she could find associated with her.  The Defendant did not initially answer the phone.  But she eventually answered and stated that she was just getting out of the ICU at a local hospital and was not able to speak at that time regarding the Property.  No further calls were answered.

(iv)     In or about October of 2023, counsel for the Trustee received a telephone call from counsel at Central Virginia Legal Aid on behalf of the Defendant. Counsel for the Trustee explained the terms of the Orders and urged cooperation.  Upon information and belief, Central Virginia Legal Aid was not retained by the Defendant.

4

(v)   Counsel for the Trustee personally served a third letter on November 29, 2023, attached to the Falabella Declaration as **Exhibit A-3**, informing the Defendant that her continued refusal to respond to the prior letters and other correspondence placed her in violation of the Orders.  The letter further stated that the Trustee remained willing to sell the Estate's interest in the Property to the Defendant, however, the Trustee must be permitted to inspect the Property.  If the Defendant did not allow the Trustee to inspect the Property, then the Trustee would file a motion with the Court, seeking to hold the Defendant in contempt and would request attorneys' fees incurred in brining such a motion.

(vi)   Following service of the third letter, on November 29, 2023, counsel for the Trustee called the Defendant.  The Defendant did not pick up, and counsel for the Trustee left a message stating that she had been trying to reach the Defendant for some time and that if she remained unresponsive, then she would be forced to seek relief from the Court.

(vii)   Counsel for the Trustee also emailed the Defendant's email addresses, including a newly discovered work email address on November 30, 2023, again requesting cooperation so that court intervention and a request for sanctions would not be necessary.

(viii)   On December 1, 2023, the Defendant responded to an email from the Trustee's counsel simply indicating that she intended to keep the Property, but had certain health issues.

(ix)   Counsel for the Trustee responded to the Defendant's December 1, 2023 email on December 8, 2023 and December 15, 2023 further reiterating a willingness to work with the Defendant, but stressing the importance of her prompt cooperation to prevent the filing of the foregoing Motion.  No further communication or cooperation has been forthcoming from the Defendant.

11.   Despite these repeated efforts to contact the Defendant and resolve this without using the Court process, the Defendant has refused to cooperate with the Trustee's counsel in obtaining access to inspect the Property as authorized by the Orders.

12.   Counsel for the Trustee has given the Defendant ample opportunity to comply with the Orders or to purchase the Property from the Estate, but the Defendant has failed to cooperate, leaving the Trustee no choice but to file this Motion.

**RELIEF REQUESTED**

13.    By this Motion, the Trustee seeks an order from the Court, substantially in the form of the proposed order attached hereto as **Exhibit B** (the "**Proposed Order**") (I)(a) directing the Defendant to immediately cooperate with the Trustee by communicating with the Trustee's counsel and allowing access to the Property for the Trustee and/or her assigns no later than February 22, 2024, unless such date is extended with the agreement of the Trustee, and (b) for the Defendant to be sanctioned in the amount of $4,000.00[2] for her willful failure to comply with the Orders; and (II) if the Defendant fails to comply with the provisions of (I)(a), authorizing the Trustee, upon the filing of a certification of noncompliance in the proposed form attached to the Proposed Order as **Exhibit B-1**, to submit a further order, in the proposed form attached to the Proposed Order as **Exhibit B-2**, requiring the Defendant to appear in person for a hearing to be held on March 7, 2024, to show cause and explain her failure to comply with the terms of the Orders (to include the Order attached as Exhibit B) and to show cause why the Court should not issue further sanctions for her failure to comply with the terms of said Orders.

**BASIS FOR RELIEF**

14.    Pursuant to this Court's Orders, the Defendant must immediately provide access to the Property sufficient to permit the Trustee, her agents, and any potential buyers to inspect the Property.

15.    The Trustee has requested access to the Property no fewer than seven (7) times through various means of communication.  The Defendant has failed to respond in any meaningful manner.

---

[2] As set forth in the Falabella Declaration, the expenses incurred due to the Defendant's lack of cooperation since the Court's entry of the Orders is at least $4,843.00.

16.     Pursuant to section 105(a) of the Bankruptcy Code, the Court "has the power to issue orders necessary to carry out the provisions of the Bankruptcy Code and take any action to prevent an abuse of process." *Kloeber v. Montanari*, 541 B.R. 420, 427 (Bankr. E.D. Tenn. 2015). "For purposes of this section, abuse of process has been defined as 'maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system.'" *Id.* (quoting *In re Appalachian Oil Co., Inc.*, No. 09-50259, 2010 Bankr. LEXIS 1950, *12-13 (Bankr. E.D. Tenn. June 11, 2010)).

17.     "In addition to the statutory authority provided bankruptcy courts by section 105(a), all federal courts, including the bankruptcy court, have the inherent authority to sanction misconduct." *Id.* (citing *In re Mehlhose*, 469 B.R. 694, 708-09 (Bankr. E.D. Mich. 2012)).

18.     The failure to cooperate with multiple requests of the Trustee and to abide by the terms of the Court's Orders is sanctionable misconduct.  *See In re Byrd*, 2007 Bankr. LEXIS 3350 (Bankr. D. Md. Sept. 27, 2007) (failure to abide by turnover order and requests of trustee were sanctioned).  This is because the "duty to cooperate is based upon one of the very simple goals of any chapter 7 case – to maximize the return to creditors through the orderly liquidation of the assets." *In re Stinson*, 269 B.R. 172, 176 (Bankr. D. Ohio 2001).

19.     As of the filing of this Motion, the Trustee has incurred fees due the to Defendant's refusal to cooperate in an amount of no less than $4,000.00 as set forth in the statements attached to the Falabella Declaration as **<u>Exhibit A-4</u>**.

20.     Accordingly, the Defendant's continued refusal, in direct conflict with the direction of this Court through the Orders, justifies the Court issuing sanctions and requiring the Defendant's compliance.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order (I)(a) directing the Defendant to immediately cooperate with the Trustee by communicating with the Trustee's counsel and allowing access to the Property for the Trustee and/or her assigns no later than February 22, 2024 , unless such date is extended with the agreement of the Trustee, and (b) for the Defendant to be sanctioned in the amount of $4,000.00 for her willful failure to comply with the Orders; and (II) if the Defendant fails to comply with the provisions of (I)(a), authorizing the Trustee, upon the filing of a certification of noncompliance in the proposed form attached to the Proposed Order as **Exhibit B-1**, to submit a further order, in the proposed form attached to the Proposed Order as **Exhibit B-2**, requiring the Defendant to appear in person for a hearing to be held on March 7, 2024, to show cause and explain her failure to comply with the terms of the Orders (to include the Order attached as Exhibit B) and to show cause why the Court should not issue further sanctions for her failure to comply with the terms of said Orders.

DATED:  January 16, 2024                    Respectfully submitted,

                              /s/Brittany B. Falabella
                              Robert S. Westermann (VSB No. 43294)
                              Brittany B. Falabella (VSB No. 80131)
                              HIRSCHLER FLEISCHER, P.C.
                              The Edgeworth Building
                              2100 East Cary Street
                              Post Office Box 500
                              Richmond, Virginia 23218-0500
                              Telephone:  804.771.9500
                              Facsimile:  804.644.0957
                              E-mail:     rwestermann@hirschlerlaw.com
                                          bfalabella@hirschlerlaw.com

                              *Counsel for Hannah W. Hutman,*
                              *Chapter 7 Trustee for the Bankruptcy*
                              *Estate of Gary Michael Bird*

8

## CERTIFICATE OF SERVICE

I certify that on January 16, 2024, a true copy of the foregoing *Motion to Compel Sara A. Mooney to Comply with this Court's Orders and Cooperate with the Chapter 7 Trustee and for Sanctions* was filed using the Court's CM/ECF system, which sent a notice of filing to all registered users.  I also certify that on January 16, 2024, the foregoing was served by U.S. First Class, postage prepaid mail and by email, to the following:

Sara A. Mooney                          W. Joel Charboneau
3409 Parkwood Avenue                    Office of the United States Trustee
Richmond, VA 23221                      210 First Street, Suite 505
Mooney.annie@gmail.com                  Roanoke, VA 24011
                                        joel.charboneau@usdoj.gov

                                        */s/  Brittany B. Falabella*
                                        Brittany B. Falabella

9

## **Exhibit A**

**Declaration of Brittany B. Falabella**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| **In re:** | |
| **GARY MICHAEL BIRD,** | **Chapter 7** |
| **Debtor.** | **Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,** | |
| **Movant,** | |
| **v.** | **Adv. Pro: 23-6016-RBC** |
| **SARA A. MOONEY,** | |
| **Defendant.** | |

**DECLARATION OF BRITTANY B. FALABELLA IN
SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION (I) TO COMPEL
SARA A. MOONEY TO COMPLY WITH THIS COURT'S ORDERS AND
COOPERATE WITH THE CHAPTER 7 TRUSTEE AND (II) FOR SANCTIONS**

I, Brittany B. Falabella, declare that the following is true to the best of my knowledge, information, and belief:

1.     I am an attorney with Hirschler Fleischer, P.C. ("**Hirschler**"), which was retained as counsel by Hannah W. Hutman, Chapter 7 Trustee (the "**Trustee**") in the above-captioned case. This declaration (the "**Declaration**") is made in support of the *Chapter 7 Trustee's Motion to (I) Compel the Debtor to Comply with This Court's Orders and Cooperate with the Chapter 7 Trustee and (II) For Sanctions* (the "**Motion**").

2.     I am a member in good standing of the Virginia State Bar and am admitted to practice before this Court.

3.      The facts set forth in this Declaration are based upon my personal knowledge, review of the docket, and investigation.

4.      The Motion arises from the Defendant's failure to cooperate or provide a meaningful response to any communication by the Trustee or her counsel in connection with the Court's Orders[1] authorizing the sale of the Property.

5.      Prior to filing the motions and Adversary Proceeding underlying the Court's Orders at issue in this Motion, the Trustee attempted to contact the Defendant to resolve the Estate's interest without the need for the Adversary Proceeding, Motion to Sell, and Torrence Application. As set forth in the Complaint, no response was received. *See* Complaint ¶ 24, Exhibit C.  The lack of cooperation necessitated the filing of the Adversary Proceeding, the Motion to Sell, and the Torrence Application, which resulted in the Orders.

6.      Upon entry of the Orders, on July 19, 2023, I sent the letter attached hereto as **Exhibit A-1**, enclosing the entered Orders and requesting the Defendant contact me to set up a time to inspect the Property.  No response was received.

7.      On August 15, 2023, I sent another letter attached hereto as **Exhibit A-2** via certified mail and first-class mail to ensure receipt by the Defendant.  Once again, I informed the Defendant that she must cooperate with the Trustee and allow access and inspection of the Property, or the Trustee would be forced to seek further action with the Court.  No response was received.

8.      I undertook an investigation of other methods to contact the Defendant and on and about September 25, 2023, I emailed several different email addresses possibly connected with the Defendant.  My office, at my direction, also called the Defendant using phone numbers associated

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

with the Defendant.  The Defendant did not initially answer the phone.  But the Defendant eventually answered and told my office that she was just getting out of the ICU at a local hospital and was not able to speak at that time regarding the Property.  No further calls to the Defendant were answered.

9.      In October of 2023, I received a telephone call from counsel at Central Virginia Legal Aid on behalf of the Defendant.  I explained the terms of the Orders and the Trustee's willingness to sell to the Defendant; I urged cooperation.  Upon information and belief, Central Virginia Legal Aid was not retained by the Defendant.  I had no further correspondence with counsel.

10.     In order to ensure the Defendant received the letters, I retained a process server and on November 29, 2023, the letter attached hereto as **Exhibit A-3** was personally served on the Defendant.  The letter informed the Defendant that her continued refusal to respond to the prior letters and other correspondence placed her in violation of the Orders.  The letter further stated that the Trustee remained willing to sell the Estate's interest in the Property to the Defendant, however, the Trustee must first be permitted to inspect the Property to value the Property and if the Defendant did not allow the Trustee to inspect the Property, the Trustee would file a motion with the Court, seeking to hold the Defendant in contempt and would request attorneys' fees incurred in brining such a motion.

11.     Following service of the third letter, on November 29, 2023, I called the numbers associated with the Defendant and left messages stating that I had been trying to reach the Defendant for some time and that if she remained unresponsive, then I would be forced to seek relief from the Court.

12.     I and my office also emailed the Defendant's email addresses, including a newly discovered work email address on November 30, 2023, again requesting cooperation so that court intervention and a request for sanctions would not be necessary.

13.     On December 1, 2023, the Defendant responded to an email from my office simply indicating that she intended to keep the Property, but had various health issues.

14.     I responded to the Defendant's December 1, 2023 email on December 8, 2023 and December 15, 2023 further reiterating a willingness to work with the Defendant, but stressing the importance of her prompt cooperation to prevent the filing of the foregoing Motion.  No further communication or cooperation has been forthcoming from the Defendant.

15.     With no further communication from the Defendant I was compelled to draft and file the Motion.

16.     The Defendant's lack of cooperation solely related to access to the Property after entry of the Orders has cost the estate at least $4,843.00 related to repeated attempts at contacting the Defendant, researching means of enforcing compliance, and drafting the Motion as set forth on the true and accurate invoice attached hereto as **<u>Exhibit A-4</u>**.[2]

*[Remainder of Page Left Intentionally Blank]*

---

[2] An additional $4,886.50 was expended in preparing the motions and Adversary Proceeding that form the basis of the Orders.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: January 16, 2024                /s/ Brittany B. Falabella
Richmond, Virginia                Brittany B. Falabella (VSB No. 80131)
                                 HIRSCHLER FLEISCHER, P.C.
                                 2100 East Cary Street
                                 Richmond, Virginia 23218-0500
                                 Telephone:    804.771.9500
                                 Facsimile:    804.644.0957
                                 E-mail:         bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*

5

**<u>EXHIBIT A-1</u>**



**Brittany B. Falabella**
D: 804.771.9549
bfalabella@hirschlerlaw.com

Hirschler Fleischer | hirschlerlaw.com
2100 East Cary Street | Richmond, VA  23223
P: 804.771.9500  |  F: 804.644.0957

July 19, 2023

<u>**VIA U.S. MAIL**</u>

Sara A. Mooney
3409 Parkwood Avenue
Richmond, Virginia 23221

> Re:    <u>**Hannah W. Hutman, Chapter 7 Trustee for the Bankruptcy Estate of Gary
> Michael Bird v. Sara A. Mooney – Adv. Proc. Case No. 23-6016-RBC**</u>

Dear Sara:

Please be advised that my firm represents Hannah Hutman, the Chapter 7 Trustee of the bankruptcy estate (the "**Estate**") of Gary Michael Bird (the "**Debtor**").  You were served with the summons and complaint in the above-captioned adversary proceeding related to the Trustee's intent to sell property located at 3409 Parkwood Ave., Richmond, VA 23221 (the "**Property**") owned by you and the Debtor.  Enclosed please find the entered Order Granting the Entry of Default and Default Judgment in that case as well as the Order Granting the Trustee's Motion to Sell the Property at an auction free and clear of liens and claims with the liens and claims to attach to the proceeds of the sale (collectively, the "**Orders**").

Pursuant to the terms of the Orders, you are required to immediately permit the Trustee and her agents access to the Property in order to evaluate it for the approved sale.  Please contact me at the email or telephone number above at your earliest convenience to set up a time that I may view the property with the authorized auctioneer.   The Trustee is still willing to come to an agreement with you if you wish to buy the Estate's interest in the Property, but we must hear from you no later than from 5:00 pm on August 1, 2023 or the Trustee will be forced to pursue her rights under the Orders.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Brittany B. Falabella

BBF/rrh
Enclosure

July 19, 2023
Page 2

cc:    Hannah W. Hutman, Esq. (via email w/ encl.)



SIGNED THIS 17th day of July, 2023

*Rebecca B. Connelly*
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re:<br><br>**GARY MICHAEL BIRD,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,**<br><br>Movant,<br><br>v.<br><br>**SARA A. MOONEY,**<br><br>Defendant. | **Adv. Pro: 23-6016-RBC** |

## <u>ORDER GRANTING THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT</u>

On July 5, 2023, Hannah Hutman, in her capacity as Chapter 7 Trustee (the "**Trustee**") for

the bankruptcy estate (the "**Estate**") of Gary Michael Bird (the "**Debtor**"), by and through her

undersigned counsel, filed her *Motion for Entry of Default and Default Judgment* (the "**Motion**")

against Sara A. Mooney (the "**Defendant**"), in the above-captioned Adversary Proceeding[1].  The

Court, having considered the Motion submitted by the Trustee and the argument of counsel at the

Hearing, and it appearing that due notice was given and that good cause exists to grant the relief

sought in the Motion, it is hereby

**ADJUDGED, ORDERED AND DECREED:**

1.    The Motion is **GRANTED**.

2.    Default is hereby entered against the Defendant as authorized by Federal Rule of

Bankruptcy Procedure 7055.

3.    Default Judgment is hereby entered in favor of the Trustee and against the

Defendant in the above-captioned Adversary Proceeding and all relief sought by the Trustee

therein is granted as follows:

      a.    The Trustee is hereby authorized to sell the Estate's interest in the Property free
and clear of the interest of the Defendant;

      b.    The Trustee is hereby authorized to sell the Defendant's interest in the Property
together with the sale of the estate's interest in the Property;

      c.    The Defendant is hereby directed to (i) immediately permit the Trustee, her
agents, and any potential buyers to inspect the Property; (ii) notify the Trustee
should she vacate the Property prior to the closing of a sale of the Property; (iii)
to protect and preserve the Property during her occupancy of the Property; and
(iv) surrender the Property at the closing of a sale of the Property.

4.    Notwithstanding any rule to the contrary, this Order shall be immediately

enforceable and any stay is hereby waived.

*\*\*\*End of Order\*\*\**

---

[1]  Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in
the Motion.

I ask for this:

*/s/ Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9515
Facsimile:  804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
                   bfalabella@hirschlerlaw.com


*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Gary Michael Bird*



SIGNED THIS 19th day of July, 2023

*Rebecca B. Connelly*
_____
Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | |
|---|---|
| In re:<br><br>**GARY MICHAEL BIRD,**<br><br>Debtor. | **Chapter 7**<br>**Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,**<br><br>**Movant,**<br><br>**v.**<br><br>**SARA A. MOONEY, SPECIALIZED LOAN SERVICING, LLC, and TRUIST BANK,**<br><br>**Respondents.** | **Contested Matter** |

## <u>ORDER GRANTING TRUSTEE'S MOTION</u>

In consideration of the *Chapter 7 Trustee's Motion for (I) Authority to Sell Property of the Estate at Public Auction, Free and Clear of All Liens, Claims, Rights, and Interests, Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004; (II) Authority Related to Closing of the Sale Pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 6004 and Distribution of Sale Proceeds; and (III) Related Relief* (the "**Motion**") seeking authorization for the Trustee[1] to sell property located at 3409 Parkwood Avenue, Richmond, Virginia 23221 (the "**Property**") by public auction; the Court having reviewed the Motion and the Notice; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and the Court having determined that notice of the Motion was sufficient under the circumstances; and the Court having found that the auction is in the best interest of the Debtor's estate, its creditors, and parties in interests; and the Response filed at docket number 30 having been resolved as indicated by the signatures below; and the Court having determined that the legal and factual bases set forth in the Motion are incorporated herein and establish just cause for the relief granted herein, it is hereby

**ADJUDGED, ORDERED, AND DECREED THAT:**

1.      The Motion is **GRANTED** in its entirety.

2.      The Trustee is authorized to sell the Property at public auction to the highest responsive bidder, free and clear of all liens, claims, rights and interests, known and unknown, including without limitation the Liens & Claims, with such liens, claims, rights and interest attaching to the proceeds of the sale in their respective priority.  This authorization is subject solely to the condition that the sale of the Property shall either (a) be at a final price that will permit the Trustee to pay the Secured Loans in full at closing, provided that the holders of the Secured Loans

---

[1] All capitalized terms not defined herein shall be given their respective meanings as ascribed to them in the Motion.

provide written payoffs to the Trustee prior to the date of the auction, or (b) in the event that the final price is not sufficient to pay the Secured Loans in full, the holders of the Secured Loans shall retain the right to approve or reject such a sale, provided that the holders of the Secured Loans shall make an authorized representative available at the date and time of the sale for the purpose of making such a determination, if necessary.

3.      This order is effective as a determination that, upon the closing of the sale of the Property, all liens, claims, rights, and interests, known and unknown, including without limitation the Liens & Claims, on the Property shall have been and hereby are adjudged and declared to be release, discharged, and terminated, and the Property shall have been conveyed by the Trustee to the purchaser thereof free and clear of all such liens, claims, rights, and interests.

4.      The Trustee is further authorized to sign and deliver a Trustee's Special Warranty Deed and such other documents necessary for the closing of the sale or reasonably requested by the purchasers of the Property, to pay the usual and customary closing costs, the past due and pro-rated Property taxes, if any, the amount of the Secured Loans, and one-half of the net proceeds to the Mooney Interest to the proceeds of the Property at the closing of the sale and to retain the remaining proceeds for further administration by the Trustee.

5.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

***End of Order***

**WE ASK FOR THIS:**

/s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
               bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*


**SEEN AND NO OBJECTION:**

/s/ Mark D. Meyer (with permission)
Mark D. Meyer (VSB No. 74290)
ROSENBERG AND ASSOCIATES, LLC
4340 East West Highway, Suite 600
Bethesda, MD 20814
Telephone:    301.907.8000
E-mail:        mark.meyer@rosenberg-assoc.com

*Counsel for Specialized Loan Servicing*

**EXHIBIT A-2**



**Brittany B. Falabella**
D: 804.771.9549
bfalabella@hirschlerlaw.com

Hirschler Fleischer | hirschlerlaw.com
2100 East Cary Street | Richmond, VA 23223
P: 804.771.9500 | F: 804.644.0957

August 15, 2023

**VIA CERTIFIED AND FIRST CLASS MAIL**

Sara A. Mooney
3409 Parkwood Avenue
Richmond, Virginia 23221

> Re: **Hannah W. Hutman, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird v. Sara A. Mooney – Adv. Proc. Case No. 23-6016-RBC**

Dear Sara:

I am following up on my letter to you dated July 19, 2023. As you know, my firm represents Hannah Hutman, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of your ex-husband, Gary Michael Bird (the "**Debtor**"). In my July 19 letter, I provided you with two (2) Orders which authorize the Trustee to sell your and the Debtor's interest in the real property located at 3409 Parkwood Ave., Richmond, VA 23221 (the "**Property**").

Pursuant to the terms of the Orders, you are required to immediately permit the Trustee and her agents access to the Property in order to evaluate it for the approved sale, which is scheduled for September 13, 2023. Please contact me at the email or telephone number listed above at your earliest convenience to discuss this matter. The Trustee remains willing to allow you to buy the Estate's interest in the Property, but we must hear from you no later than 5:00 pm on August 22, 2023. If we are unable to receive access to the Property consensually, the Trustee will be forced to seek further court action on an expedited basis to remove you from the Property and enforce her rights.

I look forward to hearing from you promptly.

Sincerely,

Brittany B. Falabella

BBF/rrh
Enclosure
cc:    Hannah W. Hutman, Esq. (via email w/ encl.)

**<u>EXHIBIT A-3</u>**



Brittany B. Falabella
D: 804.771.9549
bfalabella@hirschlerlaw.com

Hirschler Fleischer | hirschlerlaw.com
2100 East Cary Street | Richmond, VA  23223
P: 804.771.9500 | F: 804.644.0957

November 28, 2023

**VIA Personal Service**

Sara A. Mooney
3409 Parkwood Avenue
Richmond, Virginia 23221

> Re:    **Hannah W. Hutman, Chapter 7 Trustee for the Bankruptcy Estate of Gary**
> **Michael Bird v. Sara A. Mooney – Adv. Proc. Case No. 23-6016-RBC**

Dear Sara:

I am following up on my letters to you dated July 19, 2023 and August 15, 2023 (the "**Letters**") as well as the multiple phone calls to you. As you know, my firm represents Hannah Hutman, the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of your ex-husband, Gary Michael Bird (the "**Debtor**"). In my prior Letters, I provided you with two (2) Orders which authorized the Trustee to sell your and the Debtor's interest in the real property located at 3409 Parkwood Ave., Richmond, VA 23221 (the "**Property**").

Pursuant to the terms of the Orders, you are required to immediately permit the Trustee and her agents access to the Property in order to evaluate it for the approved sale, which now must be rescheduled. Your continued refusal to respond to the Letters and phone calls put you in violation of those Orders. This will be the Trustee's last effort to resolve this matter consensually.

As I have indicated in the prior letters and in a conversation with an attorney from Legal Aid who reached out to me on your behalf, the Trustee remains willing to allow you to buy the Estate's interest in the Property. Alternatively, upon the sale of the Property, you would be entitled to half the net equity in the Property. In order to move forward, however, we must first have access to the Property in order to evaluate it.

Please contact me at the email or telephone number listed above at your earliest convenience and no later than **5:00 p.m. on Friday, December 1, 2023** to discuss this matter. If I do not hear from you and we are unable to receive access to the Property consensually, the Trustee will be forced to file a motion with the Bankruptcy Court asking that you be held in contempt for your willful failure to

comply with the Orders.  The Trustee will seek monetary sanctions and ask that a writ of body attachment be issued directing the U.S. Marshalls to take you into custody and bring you to Court to answer for your failure to comply with the Court's Orders.

I look forward to hearing from you promptly and resolving this matter amicably.

Sincerely,

Brittany B. Falabella

cc:   Hannah W. Hutman, Esq. (via email)

**<u>EXHIBIT A-4</u>**



For Billing Inquiries:
Telephone: (804) 771-5676
Facsimile: (804) 644-0957
Email: billing@hirschlerlaw.com
EIN: 54-1438598

| | |
|---|---|
| Hannah Hutman, Chapter 7 Trustee of Gary Michael Bird | **Invoice Num.:** 01162024BBF |
| Hoover Penrod | **Client Number:** **048271** |
| 342 South Main Street | **Invoice Date:** January 16, 2024 |
| Harrisonburg, VA 22801 | **Matter Number:** 048271.00001 |

---

Client:     Hannah Hutman, Chapter 7 Trustee of Gary Michael Bird

Matter:    Chapter 7 Trustee Representation

*For professional services rendered through January 15, 2024*

Currency: USD

| | |
|---|---|
| Fees | 4,783.00 |
| Costs | 60.00 |
| **Total Due This Invoice** | **$4,843.00** |

---

**TO PAY BY E-CHECK OR CREDIT CARD:**



Please scan the QR code above or visit www.hirschlerlaw.com.
Click "Client Payment" on the bottom right of the page.
You will need to have the client number printed at the top of this page.

For assistance paying by electronic check or credit card, please call the Billing Department at (804) 771-5676

**TO WIRE FUNDS:**
For wiring instructions, please contact the Accounting Department
at (804) 775-5888 or
accounting@hirschlerlaw.com

**REMITTANCE ADDRESS:**
Hirschler Fleischer
P.O. Box 500
Richmond, VA 23218-0500
Please enclose this remittance page, or write the invoice or matter number on your check

Client: Hannah Hutman, Chapter 7 Trustee of Gary Michael Bird

Matter: Chapter 7 Trustee Representation

Invoice Num.: 01162024BBF
Invoice Date: January 16, 2024
Matter Number: 048271.00001

---

**Time Detail**

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 07/19/2023 | Brittany B. Falabella | Drafted and sent cover letter for service of orders to Ms. Mooney for approval to Ms. Hutman. | 0.30 | 365.00 | 109.50 |
| 09/05/2023 | Brittany B. Falabella | Reviewed orders and relief requested and manner in which to compel cooperation from Ms. Mooney; conference with Ms. Hutman regarding strategy for cooperation of Ms. Mooney and moving forward; drafted and sent email to Debtor's counsel regarding contact information for Ms. Mooney. | 0.40 | 365.00 | 146.00 |
| 09/25/2023 | Brittany B. Falabella | Correspondence with Ms. Henderson and Ms. Hutman on progress in getting in touch with Ms. Mooney and sent action plan to Ms. Hutman. | 0.50 | 365.00 | 182.50 |
| 09/29/2023 | Brittany B. Falabella | Correspondence with Ms. Castleman on unlawful detainer for Ms. Mooney. | 0.20 | 365.00 | 73.00 |
| 10/16/2023 | Kimberly D. Castleman | Researched applicability of unlawful detainer. | 1.20 | 300.00 | 360.00 |
| 10/16/2023 | Kimberly D. Castleman | Discussed unlawful detainer and partition of sale with Mr. Boyd. | 0.30 | 300.00 | 90.00 |
| 10/23/2023 | Kimberly D. Castleman | Called Sheriff's Office to determine if they would accompany Trustee/Trustee's agent to view property; updated Ms. Falabella on possible options moving forward (unlawful detainer v. partition sale). | 0.30 | 300.00 | 90.00 |
| 11/27/2023 | Brittany B. Falabella | Drafted email to Ms. Mooney as final attempt to contact for personal service. | 0.40 | 365.00 | 146.00 |
| 11/27/2023 | Brittany B. Falabella | Research regarding writ of bodily attachment. | 0.50 | 365.00 | 182.50 |
| 11/29/2023 | Brittany B. Falabella | Research regarding obtaining additional information for contacting Ms. Mooney. | 0.70 | 365.00 | 255.50 |

Client: Hannah Hutman, Chapter 7 Trustee of Gary Michael Bird

Matter: Chapter 7 Trustee Representation

| Invoice Num.: | 01162024BBF |
|---|---|
| Invoice Date: | January 16, 2024 |
| Matter Number: | 048271.00001 |

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/08/2023 | Brittany B. Falabella | Correspondence with Ms. Bird regarding getting touch to schedule a time to look at property with Mr. Torrence. | 0.30 | 365.00 | 109.50 |
| 12/15/2023 | Brittany B. Falabella | Conference with team regarding writ of bodily attachment. | 0.20 | 365.00 | 73.00 |
| 01/09/2024 | Kollin G. Bender | Drafted motion to compel defendant to comply with court orders. | 3.30 | 345.00 | 1,138.50 |
| 01/11/2024 | Brittany B. Falabella | Reviewed and revised pleading to enforce. | 1.40 | 405.00 | 567.00 |
| 01/15/2024 | Kollin G. Bender | Drafted notice of hearing on motion to compel Mooney to cooperate with trustee. | 0.60 | 345.00 | 207.00 |
| 01/15/2024 | Brittany B. Falabella | Continued to revise and amend motion to compel with exhibits and orders effectuating relief requested. | 2.60 | 405.00 | 1,053.00 |
| **Total** | | | **13.20** | | **$4,783.00** |

**Timekeeper Summary**

| Name | Timekeeper Title | Hours | Amount |
|---|---|---|---|
| Brittany B. Falabella | Associate | 7.50 | 2,897.50 |
| Kimberly D. Castleman | Associate | 1.80 | 540.00 |
| Kollin G. Bender | Associate | 3.90 | 1,345.50 |
| **Total** | | **13.20** | **$4,783.00** |

**Cost Summary**

| Description | Amount |
|---|---|
| Service Fees | 60.00 |
| **Total** | **$60.00** |

**<u>Exhibit B</u>**

**Proposed Order to Compel**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| **In re:**<br><br>**GARY MICHAEL BIRD,**<br><br>**Debtor.** | **Chapter 7**<br>**Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,**<br><br>**Movant,**<br><br>**v.**<br><br>**SARA A. MOONEY,**<br><br>**Defendant.** | **Adv. Pro: 23-6016-RBC** |

**ORDER GRANTING MOTION (I) TO COMPEL SARA A. MOONEY TO COMPLY
WITH THIS COURT'S ORDERS AND COOPERATE WITH THE CHAPTER 7
TRUSTEE AND (II) FOR SANCTIONS**

On January16, 2023, Hannah Hutman, in her capacity as Chapter 7 Trustee (the "**Trustee**")

for the bankruptcy estate (the "**Estate**") of Gary Michael Bird (the "**Debtor**"), by and through her undersigned counsel, filed her *Motion (I) to Compel Sara A. Mooney to Comply with this Court's Orders and Cooperate with the Chapter 7 Trustee and (II) for Sanctions* (the "**Motion**"), in the above-captioned Adversary Proceeding[3]. The Court, having considered the Motion submitted by the Trustee and the argument of counsel at the Hearing, and it appearing that due notice was given and that good cause exists to grant the relief sought in the Motion, it is hereby

       **ADJUDGED, ORDERED AND DECREED:**

    1.     The Motion is **GRANTED**.

    2.     The Defendant shall immediately cooperate with the Trustee and communicate with Trustee's counsel to schedule a mutually agreeable time to allow the Trustee and/or her assigns access to the Property, which access shall be granted no later than February 22, 2024, unless such date is extended with the express agreement of the Trustee.

    3.     As a sanction for the Defendant's bad-faith and willful failure to abide by the terms of the Order and the Bankruptcy Code, judgment is hereby entered against the Defendant and in favor of the Trustee in the amount of $4,000.00 (the "**Sanction**").

    4.     The Defendant is hereby directed to pay forthwith the Sanction to the Trustee.

    5.     If the Defendant fails to abide by the terms of paragraph 2 of this Order, and upon the filing of a certification of noncompliance, in the approved form attached hereto as **<u>Exhibit 1</u>**, the Trustee is authorized to submit an order, in the approved form attached hereto as **<u>Exhibit 2</u>**, requiring the Defendant to appear in person on March 7, 2024, to show cause and explain her failure to abide by the terms of the Orders and to show cause why the Court should not issue further sanctions for her repeated failures.

---

[3] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion.

6.      Notwithstanding any rule to the contrary, this Order shall be immediately enforceable and any stay is hereby waived.

***End of Order***

I ask for this:

*/s/ Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9515
Facsimile:  804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
                   bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman,*
*Chapter 7 Trustee for the Bankruptcy*
*Estate of Gary Michael Bird*

14

## **<u>EXHIBIT B-1</u>**

**Proposed Certification of Noncompliance**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| **In re:** | |
| **GARY MICHAEL BIRD,** | **Chapter 7** |
| **Debtor.** | **Case No. 22-60957** |
| | |
| **HANNAH W. HUTMAN, Chapter 7 Trustee for the Bankruptcy Estate of Gary Michael Bird,** | |
| **Movant,** | |
| **v.** | **Adv. Pro: 23-6016-RBC** |
| **SARA A. MOONEY,** | |
| **Defendant.** | |

**<u>CERTIFICATION OF NONCOMPLIANCE</u>**

On _____, 2024, the Court entered an Order [Docket No. __] (the "**Order to Compel**")

directing the Sara A. Mooney (the "**Defendant**") to immediately cooperate with the Trustee and

communicate with Trustee's counsel to schedule a mutually agreeable time to allow the Trustee

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9515
Facsimile:      804.644.0957
E-mail:          rwestermann@hirschlerlaw.com
                bfalabella@hirschlerlaw.com

*Counsel for Hannah Hutman, Chapter 7
Trustee of the Bankruptcy Estate of Gary
Michael Bird*

and/or her assigns access to the Property, which access shall be granted no later than February 22, 2024, unless such date is extended with the express agreement of the Trustee.

Pursuant to the Order to Compel, I do hereby certify that, as of February [__], 2024, the Defendant has failed to communicate with Trustee's counsel or provide access to the Property.

Pursuant to the terms of the Order to Compel, the Trustee respectfully requests that the order attached to the Order to Compel as Exhibit 2 be entered at the earliest convenience of the Court.

DATED:  February [__], 2023                    Respectfully submitted,

                                               /s/DRAFT_____
                                               Robert S. Westermann (VSB No. 43294)
                                               Brittany B. Falabella (VSB No. 80131)
                                               HIRSCHLER FLEISCHER, P.C.
                                               The Edgeworth Building
                                               2100 East Cary Street
                                               Post Office Box 500
                                               Richmond, Virginia 23218-0500
                                               Telephone:  804.771.9500
                                               Facsimile:   804.644.0957
                                               E-mail:      rwestermann@hirschlerlaw.com
                                                            bfalabella@hirschlerlaw.com

                                               *Counsel for Hannah W. Hutman,*
                                               *Chapter 7 Trustee for the Bankruptcy*
                                               *Estate of Gary Michael Bird*

## CERTIFICATE OF SERVICE

I certify that on February [__], 2024, a true copy of the foregoing *Certification of Noncompliance* was filed using the Court's CM/ECF system, which sent a notice of filing to all registered users.  I also certify that on February [__], 2024, the foregoing was served by U.S. First Class, postage prepaid mail and by email, to the following:

        Sara A. Mooney
        3409 Parkwood Avenue
        Richmond, VA 23221
        Mooney.annie@gmail.com

                                               /s/  DRAFT___
                                               Brittany B. Falabella

2

## **<u>EXHIBIT B-2</u>**

**Proposed  Order to Show Cause**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

|  |  |
|---|---|
| In re:<br><br>**GARY MICHAEL BIRD,**<br><br>Debtor. | **Chapter 7<br>Case No. 22-60957** |
| **HANNAH W. HUTMAN, Chapter 7<br>Trustee for the Bankruptcy Estate of Gary<br>Michael Bird,**<br><br>Movant,<br><br>v.<br><br>**SARA A. MOONEY,**<br><br>Defendant. | **Adv. Pro: 23-6016-RBC** |

<u>**SHOW CAUSE ORDER**</u>

This matter is before the Court on the *Order Granting the Chapter 7 Trustee's Motion (I) to Compel Sara A. Mooney to Comply with this Court's Orders and Cooperate with the Chapter 7 Trustee and (II) for Sanctions* [Docket No.__] (the "**Order to Compel**") and upon the Trustee's filing of the *Certification of Noncompliance* [Docket No. __], certifying that Sara A. Mooney (the

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9515
Facsimile:      804.644.0957
E-mail:        rwestermann@hirschlerlaw.com
              bfalabella@hirschlerlaw.com

*Counsel for Hannah Hutman, Chapter 7
Trustee of the Bankruptcy Estate of Gary
Michael Bird*

"**Defendant**") has failed to comply with the terms of the Court's Orders, including the Order to Compel, and finding that the Defendant has failed to comply with the Orders, including the Order to Compel, and it appearing that due notice was given and that good cause exists, it is hereby

### ADJUDGED, ORDERED AND DECREED:

1.     The Defendant shall appear for hearing on March 7, 2024 at 10:00 a.m. at the United States Bankruptcy Court for the Western District of Virginia, _____, to show cause for the failure to communicate with the Trustee's counsel and comply with the Court's Orders.

2.     As a further sanction for the Defendant's bad-faith and willful failure to abide by the terms of the Orders, including the Order to Compel, and the Bankruptcy Code, judgment is hereby entered against the Defendant and in favor of the Trustee in the amount of $_____ (the "**Sanction**").

3.     The Defendant is hereby directed to pay forthwith the Sanction to the Trustee.

4.     Notwithstanding any rule to the contrary, this Order shall be immediately enforceable and any stay is hereby waived.

*\*\*\*End of Order\*\*\**

I ask for this:

*/s/ DRAFT_____*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, PC
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  804.771.9515
Facsimile:  804.644.0957
E-mail:      rwestermann@hirschlerlaw.com
              bfalabella@hirschlerlaw.com

*Counsel for Hannah W. Hutman, Chapter 7 Trustee*
*for the Bankruptcy Estate of Gary Michael Bird*

2